# Casari et al. *v.* Victoria Amusement Enterprises, Inc., et al.

Argued May 9, 1940. Before SCHAFFER, C. J., DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Robert T. McCracken,* with him *A. Evans Kephart* and *William I. Troutman,* for appellants, (Appeals, Nos. 128 and 129) and for appellees, (Appeal, No. 188).

*J. A. Welsh* and *Stephen L. Gribbin,* for appellant, (Appeal, No. 188), and with them *John L. Pipa, Jr.,* for appellees, (Appeals, Nos. 128 and 129).

*George M. D. Richards,* for intervenor.

PER CURIAM, June 24, 1940:

The merits of the controversy between these parties were fully considered and disposed of when the case was here before (327 Pa. 382, 194 A. 503). The only matters properly before us are those arising out of our previous order. Therein we directed that the individual defendants should account. This they have done and exceptions have been taken by plaintiffs to certain items therein and to the court's action thereon in No. 129 January Term, 1940, and by Victoria Amusement Enterprises, Inc., in No. 128 of the same term. Pipa has appealed, No. 188 January Term, 1940, from the decree fixing the amount of his fee and attempts to re-argue the main question. We shall not go over that ground

again. He has no standing to now challenge our conclusions.

We directed the chancellor to determine under equitable principles whether Pipa and two other lawyers or any of them are entitled to compensation for services and, if so, the amount thereof. We ordered the $25,000 of bonds issued to Pipa returned to the treasury of the Victoria Company.

After the record was returned to the court below, it was shown that, without its order, defendant Gribbin drew a check on the funds in his hands belonging to the Victoria Company to his own order for $35,000, which he endorsed over to Pipa on account of attorney's fees. This was not discovered until plaintiffs obtained possession of the books of the corporation and caused an audit to be made. This money was not returned to the treasury of the corporation until after a contempt proceeding had been instituted against Pipa and Gribbin.

Instead of obeying our order to return the $25,000 of bonds to the treasury of the Victoria Company, Pipa disregarded it. Fourteen thousand five hundred dollars of these bonds had been redeemed by the company by the payment of $13,500. This amount was paid to Pipa, together with $5,850 as interest on the bonds. The rest of the bonds he did ultimately turn over. He must return the cash he received for those that were paid and the interest paid to him. The court below shall issue a decree requiring this to be done.

The court below in passing upon the question of the fees to be paid to Pipa made an allowance to him of $15,000. It cannot be said that the allowance of this fee under all the circumstances was an abuse of discretion: *Rambo's Est.*, 327 Pa. 258, 193 A. 1; *Davidson's Est.*, 334 Pa. 389, 6 A. (2) 73.

Objection is made to the allowance of fees and expenses amounting to $3,201.94 to Pipa, Welsh, Gribbin and other counsel engaged in the proceeding. Under the unusual circumstances as they appear, we are not

disposed to deny these payments, nor do we think the situation requires that interest should be exacted from Pipa on the $35,000 which has been returned, for the period it was in his hands. With the order of the court below as to costs on the previous appeal, we will not interfere.

It may not be inappropriate to state that in the receivership proceedings affecting the properties, Gribbin and Welsh received $45,000 in fees.

Certain of the preferred shareholders of the Victoria Amusement Enterprises, Inc., have filed a petition to intervene as party defendants and a brief in support of the petition. All the questions raised in their behalf were disposed of in the previous appeal and do not require further discussion.

The record is remitted to the court below for such further proceedings as may be necessary in accord with this opinion.

Costs on all three appeals to be paid by John L. Pipa, Jr.